UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT N. JOHNSON,<br><br>             Plaintiff,<br><br>   v.<br><br>JAMES RODNEY MCGINNIS, D.C.;<br>DANIEL J. FORRESTALL, d/b/a THE<br>RESUME SPECIALIST; MOSS GARDENS,<br>LLC, a California Limited<br>Liability Company,<br><br>             Defendants. | 2:07-cv-02407-GEB-JFM<br><br>ORDER TO SHOW CAUSE<br>AND CONTINUING STATUS<br>(PRETRIAL SCHEDULING)<br>CONFERENCE |

        Plaintiff is ordered to show cause why Defendants James Rodney McGinnis, Daniel J. Forrestall and Moss Gardens, LLC, should not be dismissed in light of Plaintiff's failure to explain in the status report filed March 4, 2008, how the action would be prosecuted under default rules. Plaintiff shall file a written response to the Order to Show Cause no later than March 24, 2008. Failure to file a timely response may be deemed consent to dismissal and a dismissal order may be issued.

        The status (pretrial scheduling) conference scheduled for March 17, 2008, is vacated since the parties' Joint Status Report

1

("JSR") indicates that the following Order should issue.[1]

## SERVICE, JOINDER OF ADDITIONAL PARTIES, AMENDMENT

No further service, joinder of parties or amendments to pleadings is permitted, except with leave of Court, good cause having been shown.

## DISCOVERY

All discovery shall be completed by May 20, 2009.  In this context, "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate orders, if necessary, and, where discovery has been ordered, the order has been complied with or, alternatively, the time allowed for such compliance shall have expired.[2]

Each party shall comply with Federal Rule of Civil Procedure 26(a)(2)'s initial expert witness disclosure and report requirements on or before January 20, 2009, and with the rebuttal expert disclosures authorized under the Rule on or before February 20, 2009.

## MOTION HEARING SCHEDULE

The last hearing date for motions shall be July 20, 2009, at

---

[1] A scheduling conference need not be held in every action.  Fed. R. Civ. P. 16(b); 1993 Advisory Committee Notes to Fed. R. Civ. P. 16(b) ("[W]hile a scheduling order is mandated, a scheduling conference is not.").

[2] The parties are advised that the Magistrate Judges in the Eastern District are responsible for resolving discovery disputes.  See Local Rule 72-302(c)(1).  Accordingly, counsel shall direct all discovery-related matters to the Magistrate Judge assigned to this case.  A party conducting discovery near the discovery "completion" date runs the risk of losing the opportunity to have a judge resolve discovery motions pursuant to the Local Rules.

1  9:00 a.m.³

2         Motions shall be filed in accordance with Local Rule 78-
3  230(b).  Opposition papers shall be filed in accordance with Local
4  Rule 78-230(c).  <u>Failure to comply with this local rule may be deemed
5  consent to the motion and the Court may dispose of the motion
6  summarily.</u>  <u>Brydges v. Lewis</u>, 18 F.3d 651, 652-53 (9th Cir. 1994).
7  Further, failure to timely oppose a summary judgment motion may result
8  in the granting of that motion if the movant shifts the burden to the
9  nonmovant to demonstrate a genuine issue of material fact remains for
10 trial.  <u>Cf.</u> <u>Marshall v. Gates</u>, 44 F.3d 722 (9th Cir. 1995).

11        Absent highly unusual circumstances, reconsideration of a
12 motion is appropriate only where:

13        (1)  The Court is presented with newly discovered evidence
14 that could not reasonably have been discovered prior to the filing of
15 the party's motion or opposition papers;

16        (2)  The Court committed clear error or the initial decision
17 was manifestly unjust; or

18        (3)  There is an intervening change in controlling law.
19 A motion for reconsideration based on newly discovered evidence shall
20 set forth, in detail, the reason why said evidence could not
21 reasonably have been discovered prior to the filing of the party's
22 motion or opposition papers.  Motions for reconsideration shall comply
23 with Local Rule 78-230(k) in all other respects.

24        The parties are cautioned that an untimely motion
25 characterized as a motion in limine may be summarily denied.  A motion
26 in limine addresses the admissibility of evidence.

27 _____

28     ³   This time deadline does not apply to motions for continuances, temporary restraining orders, emergency applications, or motions under Rule 16(e) of the Federal Rules of Civil Procedure.

FINAL PRETRIAL CONFERENCE

The final pretrial conference is set for September 21, 2009, at 1:30 p.m. The parties are cautioned that the lead attorney who WILL TRY THE CASE for each party shall attend the final pretrial conference. In addition, all persons representing themselves and appearing in propria persona must attend the pretrial conference.

The parties are warned that non-trialworthy issues could be eliminated *sua sponte* "[i]f the pretrial conference discloses that no material facts are in dispute and that the undisputed facts entitle one of the parties to judgment as a matter of law." Portsmouth Square v. S'holders Protective Comm., 770 F.2d 866, 869 (9th Cir. 1985).

The parties shall file a JOINT pretrial statement no later than seven (7) calendar days prior to the final pretrial conference.[4] The joint pretrial statement shall specify the issues for trial and shall estimate the length of the trial. The Court uses the parties' joint pretrial statement to prepare its final pretrial order and could issue the final pretrial order without holding the scheduled final pretrial conference. See Mizwicki v. Helwig, 196 F.3d 828, 833 (7th Cir. 1999) ("There is no requirement that the court hold a pretrial conference."). The final pretrial order supersedes the pleadings and controls the facts and issues which may be presented at trial. Issues asserted in pleadings which are not preserved for trial in the final pretrial order cannot be raised at trial. Hotel Emp., et al. Health Tr. v. Elks Lodge 1450, 827 F.2d 1324, 1329 (9th Cir. 1987) ("Issues

---

[4] The failure of one or more of the parties to participate in the preparation of any joint document required to be filed in this case does not excuse the other parties from their obligation to timely file the document in accordance with this Order. In the event a party fails to participate as ordered, the party or parties timely submitting the document shall include a declaration explaining why they were unable to obtain the cooperation of the other party.

4

1  not preserved in the pretrial order are eliminated from the action.");
2  <u>Valley Ranch Dev. Co. v. F.D.I.C.</u>, 960 F.2d 550, 554 (5th Cir. 1992)
3  (indicating that an issue omitted from the pretrial order is waived,
4  even if it appeared in the pleading); <u>cf.</u> <u>Raney v. Dist. of Columbia</u>,
5  892 F. Supp. 283 (D.D.C. 1995) (refusing to modify the pretrial order
6  to allow assertion of a previously-pled statute of limitations
7  defense); <u>Olympia Co. v. Celotex Corp.</u>, 597 F. Supp. 285, 289 (E.D.
8  La. 1984) (indicating that "[a]ny factual contention, legal
9  contention, any claim for relief or defense in whole or in part, or
10 affirmative matter not set forth in [the pretrial statement] shall be
11 deemed . . . withdrawn, notwithstanding the contentions of any
12 pleadings or other papers previously filed [in the action]").

13         <u>If possible, at the time of filing the joint pretrial</u>
14 <u>statement counsel shall also email it in a format compatible with</u>
15 <u>WordPerfect to: geborders@caed.uscourts.gov</u>.

                              TRIAL SETTING

17         Trial is set for December 15, 2009, commencing at 9:00 a.m.

                              MISCELLANEOUS

19         The parties are reminded that pursuant to Federal Rule of
20 Civil Procedure 16(b), the Status (pretrial scheduling) Order shall
21 not be modified except by leave of Court upon a showing of good cause.
22 Counsel are cautioned that a mere stipulation by itself to change
23 dates does not constitute good cause.

24         IT IS SO ORDERED.

25 Dated:  March 12, 2008

                    _____
                    GARLAND E. BURRELL, JR.
                    United States District Judge